IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GRANBERRY PROPERTIES, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:25-cv-00091-ALM |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | § § § § § | |
| *Defendant.* | § § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff GRANBERRY PROPERTIES, INC. (hereinafter, referred to as the "Plaintiff), pursuant to the Court's Order [Dkt. No. 14] and Federal Rule of Civil Procedure 15(a)(1) and files this, its Second Amended Complaint against Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Defendant"), and would respectfully show the Court the following:

**I.  PARTIES**

1. Plaintiff, GRANBERRY PROPERTIES, INC., owns the property made the basis of this suit located at: 17811 Davenport Rd., Dallas Texas 75252 in Collin County, Texas (the "Property").

2. Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers" or "Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and was duly served and has made an appearance herein. Defendant removed this case to this Court.

## II.  JURISDICTION AND VENUE

3.  This Honorable Court has personal jurisdiction over Defendant because at all times relevant hereto it provided insurance coverage in the State of Texas and Plaintiff's causes of action arise out of its in-state business activities.

4.  At the time this lawsuit was filed and to this day, Plaintiff is incorporated in Texas and its Principle place of business is in Texas. Plaintiff is therefore a citizen of Texas for diversity jurisdiction purposes. Defendant has alleged that it is a citizen of the State of Connecticut for diversity jurisdiction purposes. Plaintiff has no knowledge of the accuracy of this statement. Defendant has been duly served and appeared and answered in this Court.

5.  Venue is proper in the Eastern District of Texas, because the property at issue is located in this district, the loss occurred in this district, the claims asserted herein arose from one or more acts and/or omissions that occurred in this district, and Defendant has appeared and filed its Answer with this Court. More specifically, the property is located in the Sherman Division of the Eastern District of Texas.

## III.  FACTUAL BACKGROUND

6.  Plaintiff ("Granberry") entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property which is a large commercial complex with multiple buildings and multiple roofs.

7.  The agreement was drafted by Defendant and assigned Policy Number Y-630-2F224467-TIL-22 (the "**Policy**"). The Policy's effective date was from November 10, 2022 through November 10, 2023 (referred to as the "**Policy Period**").

8.  The Policy covers "direct physical loss of or damage" to the Property as a result of a covered loss.

9. Damage caused by a hail, wind, and rainstorm is a covered cause of loss under the Policy.

10. During the Policy Period a severe hail, wind, and rainstorm swept through Collin County, Texas, and struck the Property.

11. Large and damaging hail fell from the storm and hit the Property. The hail struck the Property with force causing direct physical loss and direct physical damage to the buildings at the Property.

12. Granberry subsequently filed a claim under the Policy.

13. Defendant assigned the claim, claim number A3G0893 (referred to as the "**Claim**").

14. Soon after, Granberry submitted its proof of loss to Defendant which included photographs of the extensive damage to the Property and its scope of repair which included an estimate for the reasonable and necessary costs to repair the covered damage.

15. Granberry even alerted Defendant to a specific date of loss to assist Defendant in its investigation of the Claim.

16. The photographs provided by Granberry to Defendant recorded the extensive hail damage to the Property.

17. The photographs record clear hail hits and damage as a result to the roofs for each building, to HVAC units, to the exterior walls, to the rooftop metal vents, skylights, and more.

18. Further, the photographs also show that a 10 foot by 10 foot test square was conducted on the roof of each building, and that within that 10 foot by 10 foot test square there were likely 10 or more hail hits to the roof of the buildings for every 100 square feet of roofing material.

    A.    **Investigations, Reports, Denial, and Denial of Payments**

19. After Granberry submitted its claim and proof of loss Defendant visited the Property in January of 2024.

20.     During its visit to the Property, based on information and belief, Defendant conducted an inspection of the Property using only drones to photograph the roofs rather than personally inspecting each building's roof.

21.     Defendant did not attempt to personally observe the damage to the Property through a inspection despite hail damage requiring not only a close up-close inspection of the damage, but in some instance for the person inspecting to feel the damage to determine the extent of the hail damage.

22.     Based on information and belief, Defendant solely relied on drone photographs and video of the buildings at the Property which recorded the condition of the Property from a distance and failed recorded the true condition of the Property following the hail damage.

23.     Further, Defendant improperly ignored Granberry's materials submitted with its proof of loss.

24.     Specifically, Defendant either ignored Granberry's photographs of damage to the Property that was submitted alongside its proof of loss, or arbitrarily assigned the drone photos from its inspection higher value when determining the extent of damage.

25.     Following the improper inspection, Defendant contacted Granberry and noted that it had reached a decision on the Claim after reviewing its drone photographs.

26.     Without explanation Defendant blamed the majority of the damage to the Property on "mechanical damage" without describing the specific damage it was referencing. Defendant then claimed there was "very little hail damage" to the Property.

27.     Despite representing to Granberry that the majority of the damage to the Property was from "mechanical" damage and not from hail, Defendant then claimed that it would offer the cost to coat the roof to repair the hail damage to the Property.

28. Based on this Defendant created an estimate that substantially undervalued the actual cost to fully repair and replace the covered hail damage.

29. Additionally, Defendant's proposed method of repair was improper as the method of repair failed to take into account any moisture that had entered the roofing system.

30. Further, Defendant's estimate failed to include all of the hail damage to the entire roofing system and was instead based on allegedly repairing a small percentage of the roof.

31. Defendant's estimate also failed to include any cost to repair or replace the hail damage to the HVAC units, the exterior walls of the buildings, the skylights and other hail damaged items at the Property despite being documented in Granberry's proof of loss photographs and provided to Defendant on or about January 4, 2024.

32. As a result of Defendant's incomplete and improper inspection, Defendant sent a letter to Granberry on or about February 7, 2024 attaching its incomplete estimate.

33. In the February 7, 2024 letter Defendant claimed that only a small amount of the roof system at the Property was damaged by hail and that the cost to repair the damage was substantially less than what the reasonable and necessary cost to repair the Property actually is.

34. Further, Defendant claimed that no other parts of the Property was damaged by hail other than a small portion of each roof and some of the rooftop metal vents.

35. Defendant failed to explain why the additional hail damaged items, such as the skylights, HAVC units, and exterior walls would not be covered despite also being damaged by hail.

36. Further, while Defendant estimated for a roof coating as a repair method, it failed to consider the roof system was already water saturated due to the immediate leaks that occurred as a result of the covered hail and windstorm.

37. Despite Granberry's reasonable attempts to mitigate its damages and complete repairs to the Property, the extensive hail damage to the roof resulted in continuous and ongoing damage throughout the Claim necessitating replacement of the roof.

38. However, Defendant denied payment on the Claim for being below Granberry's deductible despite the reasonable and necessary costs to repair all of the hail damaged items being substantially more than Granberry's deductible.

39. Granberry disputed Defendant's findings.

40. Specifically, Granberry sent Defendant a letter on June 10, 2024 detailing the Defendant's mistakes throughout the Claim such as listing the date of loss incorrectly and thereby failing to inspect the loss based on the correct April 20, 2023 loss.

41. Further, Granberry informed Defendant that it had also miscalculated the deductible and that its estimate of damages used improper units to the measure the roof by using square feet rather than the industry standard roof square measurement.

42. Granberry further explained it was improper for Defendant to rely on drone photographs to determine the extent and severity of 1 to 2-inch hail strike to the roof membranes at the Property especially where the drone operator was reported as an unlicensed drone pilot.

43. Defendant then reinspected the Property in June of 2024.

44. Despite the reinspection, Defendant has not changed its decision on the Claim or offer any additional explanation for its arbitrary and capricious February 7, 2024 Claim decision.

45. Further, Defendant has not provided any information or documentation from its supplemental inspection of the Property despite its insured's request.

46. To date, Defendant has not paid Granberry the value of its Claim under its Policy with Defendant. As a result, Granberry has incurred additional damages and the increased costs of repair

that were, and still are to this day, a natural, probable, and foreseeable consequence of Defendant's failure to pay the amount owed on the Claim. For example, the costs of repair have increased substantially since Defendant's denial of the Claim.

47. Defendant and its adjuster and engineer assigned to the Claim failed to perform a proper inspection and as a result prepared a report that failed to include all of the covered damage sustained at the Property and undervalued the damage observed during the inspection.

48. Moreover, Defendant and its adjuster performed an outcome-oriented investigation of Granberry's Claim, which resulted in a biased, unfair, and inequitable evaluation of Granberry's losses for the covered property.

### B. Policy Compliance

49. Granberry fully complied with all requirements under the Policy to properly notify the Defendant of the loss to its covered property.

### IV. CAUSES OF ACTION

### A. Breach of Contract

50. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 50 of this Complaint.

51. Defendant entered into the Policy with Granberry.

52. Granberry fulfilled its obligation under the Policy and paid the premium amount owed to Defendant.

53. Coverage under the Policy states that Defendant "will pay for direct physical loss of or damage" as a result of a "covered cause of loss."

54. Hail, wind, and/or rain damages are covered causes of loss under the Policy that are not excluded.

55. During the Policy Period a severe wind, hail, and rainstorm swept through Collin County, Texas, and hit the Property causing severe damage to the roof and other structural, interior, and exterior elements of the building.

56. Defendant has breached the terms of the Policy by wrongfully denying payment for portions of the Claim and by also severely underpaying for the covered damages it has admitted liability on.

57. For example, Defendant failed to pay for all structural, exterior, and interior damage to the Property, such as, but not limited to, the costs for all material and labor required to properly fully replace the damaged roof, interior water damages, structural aspects of the wall, and more.

58. Further, several items Defendant has recorded and admitted as being covered damage under the Policy has been severely underpaid by Defendant.

59. Therefore, Defendant has failed to pay the full amount owed for the "direct physical loss of or damage" to the building at the Property caused by the wind, hail, and rainstorm as is Defendant's obligation under the Policy.

60. Due to Defendant's underpayment of covered damages, and Defendant's failure to pay for all covered damaged items, Defendant has breached the insurance policy with Granberry.

61. As a result of Defendant's breach of the Policy, Plaintiff sustained: (1) actual damages, (2) consequential damages (related to increased costs of construction and other related consequential damages), and (3) incurred reasonable and necessary attorney's fees to date.

    **B.    Insurance Code Violations**

62. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 62 of this Complaint.

*Prompt Payment of Claims Statute*

63. During the Policy Period, a wind and hail storm swept through Collin County, Texas and damaged Granberry's Property.

64. As a result, Granberry gave proper notice of a claim under the Policy to Defendant.

65. Defendant is under an obligation to promptly pay Granberry's Claim.

66. Defendant has delayed payment of Granberry's claim for a time exceeding the period specified by statute by underpaying damages covered under the Policy and wrongfully denying damages clearly covered from the Policy.

67. Granberry provided all photographs of the damage to the Property and the reasonable and necessary cost to repair the covered damage on or about January 4, 2024. Defendant then inspected the Property in January of 2024.

68. On February 7, 2024, Defendant issued its decision on the Claim. Therefore, Defendant had all material to make a decision on the Claim by February 7, 2024 at the latest.

69. Despite having all materials to pay the Claim by February 7, 2024 at the latest, Defendant has yet to pay any amount on Granberry's Claim.

70. As a result, Defendant failed to pay the full claim amount and delayed the payment on covered damage to the Property.

71. To date, Defendant has not tendered payment for all of Granberry's damages arising out of its insurance Claim with Defendant.

72. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

73. As a result of the insurance code violations listed above, Plaintiff, in addition to Plaintiff's claim for damages, are entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

74. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

75. Defendant violated § 541.051 of the Texas Insurance Code by misrepresenting the terms and benefits of coverage when Defendant stated the damaged items in Granberry's estimate exceeded the scope of damages and that the costs to repair the damage fell below Granberry's deductible, that the proper method of repair was by coating the roof, that the majority of the damage to the Property was "Mechanical" damage and that there was "very little hail damage".

*Violation of § 541.060(a)(1):*

76. Defendant violated § 541.060(a)(1) by misrepresenting to Granberry's a material fact or policy provision relating to coverage at issue by undervaluing the damage to the Property.

77. Specifically, Defendant has misrepresented the following:

   a. That the roofing system at the Property was not damaged enough to meet the deductible;

   b. That repairing the roof would not require additionally necessary materials and labor, such as reroofing the damage membrane, and could be properly repaired and replaced by simply coating the roof over severely damaged areas of roofing;

   c. That only a small portion of each roof for each building was damaged despite receiving evidence of 10 or more hail damaging strikes for every 100 square feet of the roof;

   d. That the majority of the damage was mechanical damage;

   e. That there is very little hail damage to the Property; and

   f. That there was no covered damage to the HVAC units, exterior building walls, and skylights at the Property.

78. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Granberry's damages.

*Violation of § 541.060(a)(2):*

79. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear that the covered damage caused substantial damage to Plaintiff's property.

80. Defendant has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

    a. Making the misrepresentations listed at paragraph 77;

    b. Failing to properly investigate the roof damage;

    c. Arbitrarily ignoring Granberry's evidence that clearly shows hail hit and damages the roofing system of each building, the HVAC units, skylights, and the exterior building walls and instead relying on improper drone photographs;

    d. Failing to record the obvious evidence of covered damage across the entire roof;

    e. Failing to write an estimate that included obvious covered damage from hail and wind to the roof;

    f. Basing the cost of damages on an improper repair method; and

    g. Omitting from its explanation why other hail damaged property was not covered or included in Defendant's estimate of damages.

81. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Plaintiff's damages.

*Violation of 541.060(a)(3)*

82. Defendant violated § 541.060(a)(3) by failing to promptly provide Granberry a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the Claim or offer of a compromise settlement of a claim.

83. Defendant has failed to promptly provide Granberry's a reasonable explanation of the basis for Defendant's denial of the Claim. Defendant's estimate dated February 7, 2024, was based solely on its adjuster's outcome-oriented investigation. Defendant failed to explain how the majority of the hail and wind damage across the roof was not covered and included in calculating the amount of loss when determining coverage.

84. Further, Defendant failed to explain what damage it considered to be mechanical damage and not covered, and why other hail damaged items such as the HVAC units, skylights, and exterior building walls were not covered or included in its estimate for covered damages.

85. Defendant merely based its decision on its adjuster's unreasonable and baseless estimate that improperly relied on drone photographs that failed to record all of the damage, and unreasonably ignored the detailed photographs provided by Granberry.

86. Based on information and belief, Defendant ignored the evidence of damage provided by Granberry and relied on its improper drone photographs in an effort to improperly limit it liability on the Claim.

87. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Granberry's damages.

*Violation of § 541.060(a)(7):*

88. Defendant violated § 541.060(a)(7) by refusing to pay the remainder of Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.

89. Specifically, Defendant has refused to pay Plaintiff's Claim without conducting a reasonable investigation by:

   a. Making the misrepresentations listed at paragraph 77;

   b. Failing to properly investigate the roof damage;

   c. Arbitrarily ignoring Granberry's evidence that clearly shows hail hit and damages the roofing system of each building, the HVAC units, skylights, and the exterior building walls and instead relying on improper drone photographs;

   d. Failing to record the obvious evidence of covered damage across the entire roof;

   e. Failing to write an estimate that included obvious covered damage from hail and wind to the roof;

   f. Basing the cost of damages on an improper repair method; and

   g. Omitting from its explanation why other hail damaged property was not covered or included in Defendant's estimate of damages.

90. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Plaintiff damages.

91. Based on paragraph 72, Defendant has violated § 541.061 by making an untrue statement of material fact when its represented the damages estimate/scope sent to Granberry on included all covered all damages owed for under the Policy despite omitting obvious covered damage such as damage to the roofs to the Property. As a result, Defendant misrepresented to Granberry that the Policy covers less than what it actually covers

### C. DTPA Violations

92. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 91 of this Complaint.

93. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

94. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

95. Defendant has violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing; and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)–(3) in that Defendant took advantage of Granberry's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

96. Specifically, Defendant based its costs of damages on an improper repair method, and then attempted to claim that the damages amount fell below Granberry's deductible. Defendant also left out of its estimate for the costs of damages other hail damaged items.

97. On or about June 10, 2024, Granberry sent Defendant a letter of Granberry's disagreements, including these hail damaged items the Defendant failed to include in its damages estimate. Despite being made of aware of these issues Defendant has still failed to correct these errors and, based on information and belief, Defendant has done so in an effort to limit its liability on the Claim.

98. Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### D.  Breach of The Duty of Good Faith and Fair Dealing

99. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 99 of this Complaint.

100. Plaintiff and Defendant entered into a valid and enforceable insurance policy.

101. Defendant owed Plaintiff the common law duty of good faith and fair dealing.

102. Defendant breached the common law duty of good faith and fair dealing by wrongfully denying the Claim and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

103. Specifically, Defendant breached its duty of good faith and fair dealing by:

   a. Making the misrepresentations listed at paragraph 77;

   b. Failing to properly investigate the roof damage;

   c. Arbitrarily ignoring Granberry's evidence that clearly shows hail hit and damages the roofing system of each building, the HVAC units, skylights, and the exterior building walls and instead relying on improper drone photographs;

   d. Failing to record the obvious evidence of covered damage across the entire roof;

   e. Failing to write an estimate that included obvious covered damage from hail and wind to the roof;

   f. Basing the cost of damages on an improper repair method; and

   g. Omitting from its explanation why other hail damaged property was not covered or included in Defendant's estimate of damages.

104. Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

105. Defendant was aware at all times that its actions would result in the denial and/or underpayment of Plaintiff's Claim, cause extraordinary harm associated with Plaintiff's Claim.

106. As a result of Defendant's acts and/or omissions, Plaintiff sustained actual damages.

## V. ATTORNEYS' FEES

107. Plaintiff reasserts and realleges the allegations set forth in paragraphs 6 through 106 of this Complaint.

108. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

109. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

110. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

111. Plaintiff further prays that it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VI. CONDITIONS PRECEDENT

112. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## VII. DEMAND FOR JURY

113. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs herein request a trial by jury.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recover actual damages, consequential damages, and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/Andrew D. Spadoni*
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew D. Spadoni
State Bar No. 24109198
aspadoni@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone:   (817) 817-7000
Facsimile:    (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of Plaintiff's Second Amended Complaint was served on the below-named attorneys on July 28, 2025 in accordance with the Federal Rules of Civil Procedure.

***via e-filing***
Alissa Puckett
Texas Bar No. 24056886
apuckett@qslwm.com
Wm. Lance Lewis
Texas Bar No. 12314560
llewis@qslwm.com

**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 - Telephone
(214) 871-2111 – Facsimile

**ATTORNEYS FOR DEFENDANT**

                                                    */s/Andrew D. Spadoni*
                                                    Andrew D. Spadoni